IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Solar Connect, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>James Endicott, an individual residing in the State of Utah; Internet Products Online, LLC, a Utah limited liability company dba Salar Launch aka Solar Launch, a Utah limited liability company; Jordan Garn, an individual residing in the State of Utah; and Does 1-10,<br><br>Defendants. | **ORDER GRANTING STIPULATED MOTION FOR ENTRY OF PERMANENT INJUNCTION AGAINST DEFENDANT GARN**<br><br>Case No. 2:17-cv-01235<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On January 6, 2020, Plaintiff Solar Connect, LLC ("Solar Connect") and Defendants James Endicott, Internet Products Online, LLC, dba Salar Launch aka Solar Launch, LLC, and Jordan Garn (collectively, the "Defendants") notified this court that Plaintiff and Defendants had reached a settlement agreement. *See* Dkt. No. 94. Pursuant to the settlement, Solar Connect and Jordan Garn moved this court to enter a stipulated permanent injunction against Defendant Garn. *See* Dkt. No. 92.

Based on its review of the stipulated motion and filings in this case, and for good cause appearing, the court finds that the proposed permanent injunction is fair, reasonable, and consistent with the public interest. *See Metropolitan Housing Development Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014–15 (7th Cir. 1980). The court further finds that the proposed permanent injunction "spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction" and "com[es] within the general scope of the case made by

the pleadings." *Local No. 93, Int'l Assoc. of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (citation and internal quotation marks omitted). Finally, the court finds that the proposed permanent injunction does not "conflict[] with or violate[] the [law] upon which the complaint was based" but instead "further[s] the objectives" of that law. *Id.* at 525–26. The court therefore **GRANTS** the stipulated motion for permanent injunction against Defendant Garn.

Accordingly, the court **ORDERS** the following:

(1) that Garn, and Garn's agents, representatives, servants, employees, independent contractors, successors, and assigns, and all those acting in concert or participating with any of them, are hereby ordered to maintain and protect as confidential Solar Connect's trade secrets and are permanently enjoined and restrained from:

   (a) publishing, disclosing to parties other than Solar Connect, using, acquiring, or transferring any of Solar Connect's confidential materials, software, code, information, or trade secrets, or any materials, information, software, code, or trade secrets derived therefrom, without the express written consent of Solar Connect, including:

      (i) any proprietary or confidential information or trade secrets obtained from any Google docs, CSV/Excel files, or spreadsheet of Solar Connect, including, without limitation, information regarding: customer and potential customer demographics relating to the solar energy consumer industry; sales lead pricing; online paid marketing parameters, including, without limitation,

<ol>
<li>parameters for ads through Pinterest, Facebook, Google Adwords, Outbrain, Taboola, Adset, Twitter or online media buying.</li>
<li>(ii) Solar Connect's marketing strategies, including SEO strategies, online content network and linking strategies, and web interface information for Solar Connect's websites and platforms;</li>
<li>(iii) Solar Connect's sales leads vendors and purchasers list, contact information, and revenue share pricing;</li>
<li>(iv) Solar Connect's Google doc containing Solar Connect's vendor list with crossmatches to zip codes, or any information obtained therefrom;</li>
<li>(v) Solar Connect's proprietary platform or code for sales lead contact submission and vendor delivery, or any platform or code derived therefrom; and</li>
<li>(vi) Any code, materials, or information obtained, directly or indirectly, from Solar Connect's cPanel or derivatives thereof;</li>
</ol>

(b) Generating, marketing, or selling any sales leads for solar systems or otherwise in the solar industry;

(c) Generating, marketing, or selling any sales leads using Solar Connect's trade secrets;

(d) Marketing or selling any sales leads through or to any of Solar Connect's sales leads vendors or purchasers; and

(e) Marketing or selling any sales leads using any of Solar Connect's revenue share

or sales pricing;

Additionally, the court further **ORDERS** that:

(2) Garn, and Garn's agents, representatives, servants, employees, independent contractors, successors, and assigns, and all those acting in concert or participating with any of them, are hereby permanently enjoined and restrained from:

(a) Copying, displaying, publishing, producing, distributing, preparing derivatives, or using any of Solar Connect's online lead generation or marketing materials, including display ads, landers, sales lead contact submission forms, platforms and code, social media sites, including, without limitation Pinterest, Facebook, and Twitter pages and profiles and any other social media or online marketing platforms.

Furthermore, the court **ORDERS** that**:**

(b) Garn shall cause the landers, sales lead contact submission forms, and other online lead generation materials located at

　　　　a. https://solarlaunch.org;

　　　　b. https://cleanenergyreports.com; and

　　　　c. https://renewable-energy-project.org;

to be removed from the Internet, and Garn and Garn's agents, representatives, servants, employees, independent contractors, successors, and assigns, and all those acting in concert or participating with any of them, are hereby permanently enjoined and restrained from using the above-referenced domain names for hosting any online material relating to solar energy systems or for

purposes of sales lead generation.

Moreover, the court **ORDERS** that:

    (c) Garn shall cause the following social media accounts and profiles to be taken down, removed from public view, and cancelled:

        a. Pinterest account entitled Clean Energy Mom;

        b. Facebook profiles and pages linked to cleanenergyreports.com or used by Garn for purposes of solar energy sale lead generation, including profiles for Jonathan Tolker and Anita Anderson; and

        c. Twitter account entitled Clean Energy Mom at https://twitter.com/CleanEnergyMom;

and Garn and each of Garn's agents, representatives, servants, employees, independent contractors, successors, and assigns, and all those acting in concert or participating with any of them, are hereby permanently enjoined and restrained from further using Facebook, Pinterest, and Twitter or any other social media or online marketing platforms for publishing any online material relating to solar energy systems or for purposes of solar energy sales lead generation.

Lastly, the court **ORDERS** that any currently held proceeds or any additional proceeds received after the date of this order from any sales of sales leads through any of the landers or contact submission forms located at any of the following URLs:

    (i)    https://solarlaunch.org;

    (ii)    https://cleanenergyreports.com; and

(iii)     https://renewable-energy-project.org;

that are currently in an escrow account or attorney trust account, from which withdrawals of the proceeds may be made only by mutual consent of the parties to this action or by order of the Court, shall remain in such account(s) until Garn have made full payment of the Settlement Fee provided for in the settlement agreement by and between Solar Connect and Garn.

**IT IS SO ORDERED**, this 13th day of January, 2020.

_____
Howard C. Nielson, Jr.
United States District Judge